UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

SALLY S. HILKENE,

        Plaintiff,

v.                        Case No.  04-2253-KHV-DJW

WD-40 COMPANY,

        Defendant.

## MEMORANDUM AND ORDER

On December 30, 2004, this Court entered an Order denying Plaintiff's Motion to Lift Stay to Conduct Limited (doc. 36). This Memorandum and Order is intended to memorialize the Court's ruling.

**I.      Background**

Plaintiff Sally Hilkene is the former spouse of Defendant Scott Hilkene ("Defendant Hilkene"). The parties divorced on September 24, 2001. Pursuant to an Agreement reached in the divorce case, Plaintiff and Defendant Hilkene agreed to sell The Heartland Corporation to Defendant WD-40 Company ("WD-40"). The net proceeds from the sale were to be divided equally between Plaintiff and Hilkene. Hilkene was to continue to operate Heartland until it was sold.

On May 3, 2002, Plaintiff and Hilkene executed a purchase sale/agreement with WD-40 in which WD-40 agreed to purchase all of the Heartland stock for cash plus WD-40 stock. The WD-40 Agreement provided, however, that the purchase price could be adjusted, which adjustments were to be based on the final (May 31, 2001) balance sheet and profit and loss statements of Heartland. Depending on the results of this calculation, Plaintiff and Hilkene would receive additional funds or be required to refund part of the purchase price.

At closing, Plaintiff and Hilkene each received an advance of the purchase price in cash and WD-40 stock. On June 6, 2003, WD-40 sent a letter to Plaintiff and Hilkene stating that the adjustment required Plaintiff and Hilkene to refund to WD-40 a small portion of the advance rather than WD-40 owing Plaintiff and Hilkene additional monies.

In this lawsuit, Plaintiff alleges Defendants – both before and after the Purchase Agreement was executed – fraudulently misrepresented numerous important facts to Plaintiff in connection with the sale of the Heartland stock in order to induce Plaintiff to sell her interest in Heartland stock to WD-40. Plaintiff argues Defendants' actions deprived her of cash/stock and deprived her of opportunities to acquire assets of Heartland.

The Amended Complaint in this matter was filed on July 2, 2004. On September 22, 2004, WD-40 filed a Motion to Dismiss Plaintiff's fraud claims on grounds that the claims (1) are barred by the parties' written agreement and (2) are not pled with sufficient particularity. Pursuant to the Private Securities Litigation Reform Act ("PSLRA")[1], an automatic stay of discovery and other proceedings must be imposed during the pendency of any motion to dismiss. For this reason, a stay on discovery was imposed on September 22, 2004. On November 16, 2004, Plaintiff filed this Motion to lift the stay. More specifically, Plaintiff seeks to conduct limited discovery while the motion to dismiss is pending in order "to preserve evidence and to prevent undue prejudice."

## II.  Legal Standard

The PSLRA provides that "[i]n any private action arising under this title, all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss, *unless the court finds upon*

---

[1] 15 U.S.C. § 78u-4(b)(1) and (2).

*the motion of any party that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party.*"[2]  Because the PSLRA's automatic stay of discovery provision contemplates that discovery should be permitted in securities actions "only after the court has sustained the legal sufficiency of the complaint," only "exceptional circumstances" will justify relief from the stay prior to a ruling on the motion to dismiss.[3]

Such extraordinary circumstances are established only where discovery is necessary either "to preserve evidence or to prevent undue prejudice to [the moving] party."[4]  A party alleging that discovery is necessary to preserve evidence is required to make a specific showing that "the loss of evidence is imminent as opposed to merely speculative."[5]  A party alleging that discovery is necessary to prevent undue prejudice must specifically identify "improper or unfair treatment amounting to something less than irreparable harm."[6]

## III. Discussion

In a nutshell, the PSLRA's discovery stay is applicable here unless Plaintiff can demonstrate that particularized discovery is necessary to preserve evidence or that particularized discovery is necessary to prevent undue prejudice.  The Court finds that Plaintiff has not carried her burden of establishing that either of these exceptions apply in this case.

---

[2] 15 U.S.C. § 78u-4(b)(3)(B) (emphasis added).

[3] *SG Cowen Sec. Corp. v. U.S. Dist. Ct. for N. Dist. of Cal.*, 189 F.3d 909, 912-13 (9th Cir. 1999) (quoting S.Rep. No. 104-98, at 14 (1995)).

[4] 15 U.S.C. § 78u-4 (b)(3) (B).

[5] *In re CFS-Related Sec. Fraud Litig.*, 179 F.Supp.2d 1260, 1265 (N.D. Okla 2001).

[6] *See id.* ("Undue prejudice is prejudice that is improper or unfair under the circumstances.").

### A. Plaintiff Has Not Demonstrated That Any Additional Measures Are Needed To Preserve Evidence in This Litigation.

The PSLRA itself provides Plaintiff with statutory protection, requiring parties to treat evidence in their custody or control as if it were the subject of a continuing discovery request during the pendency of any stay imposed by the PSLRA.[7] Other than conclusory concerns about the fading memory of witnesses, which is a problem inherent in all litigation, Plaintiff has not demonstrated any particular threat that evidence would be lost or destroyed if she is not permitted to engage in discovery now. Plaintiff has, therefore, failed to demonstrate that any additional measures, let alone "particularized" discovery, are needed to preserve evidence in this litigation.

### B. Plaintiff Has Not Demonstrated That Particularized Discovery is Necessary to Prevent Her From Suffering Undue Prejudice.

Plaintiff need not show irreparable harm to demonstrate "undue" prejudice. "Undue" prejudice is prejudice that is improper or unfair under the circumstances.[8] "Prejudice caused by the delay inherent in the PSLRA's discovery stay cannot be 'undue' prejudice because it is prejudice which is neither improper nor unfair."[9] "Rather, it is prejudice which has been mandated by Congress after a balancing of the various policy interests at stake in securities litigation, including a plaintiff's need to collect and preserve evidence."[10] As discussed below, the Court finds that Plaintiff has failed to articulate any prejudice not inherent in the fact that the PSLRA imposes a stay in this case. In other words, Plaintiff has failed to

---

[7] 15 U.S.C. § 78u-4(b)(3)(C)(i).

[8] *In re CFS-Related Securities Fraud Litigation*, 179 F.Supp.2d 1265 (citation omitted).

[9] *Id.*

[10] *Id.*

demonstrate any prejudice which is "undue."

Plaintiff argues that she is being prejudiced by the fact that with each passing day, witnesses' memories are fading and evidence will invariably be lost, advertently or inadvertently. Plaintiff argues that these concerns are particularly acute in this litigation because most of the evidence of alleged fraud is in the custody of Defendants or third parties over whom she has no control.

The Court finds that these types of wholly speculative assertions as to the risk of losing evidence are not sufficient to establish undue prejudice within the meaning of § 78u-4(b)(3)(B).[11] While the Court understands Plaintiff's genuine concern about her ability to obtain and preserve evidence, Plaintiff has not demonstrated a specific instance in which the loss of evidence is imminent as opposed to merely speculative.

The concerns raised by Plaintiff are presented in all securities cases in which the PSLRA's discovery stay is triggered. It is generally the case that in a securities fraud case the evidence of fraud is primarily within the defendant's control. It is also generally the case that during any stay of discovery recollections fade and the risk of inadvertent loss of evidence is marginally increased. These concerns are inherent in the stay that Congress mandated when it enacted § 78u-4(b)(3)(B), and Plaintiff has not demonstrated that she is faced with a type or degree of prejudice distinct from that inherent in all stays of discovery. In others words, Plaintiff has not demonstrated prejudice which is improper or unfair under the circumstances.

---

[11] *See, id.*

### C. "Particularized" Discovery

Even if Plaintiff had demonstrated that discovery was necessary to either preserve evidence or prevent undue prejudice, the court would not lift the PSLRA stay because Plaintiff has failed to demonstrate that her discovery requests are "particularized" as required by the statute. [12] Upon review of the seventeen pages attached as exhibits to Plaintiff's Motion, which detail the proposed documents requests, the eighteen deponents Plaintiff seeks to depose, and the proposed line of broad questioning for those deponents, the Court finds Plaintiff has failed to demonstrate that the outstanding discovery is anything other than general discovery, as opposed to particularized discovery purposefully aimed at eliminating a problem in proof created by the automatic stay. [13]

For the reasons stated above, Plaintiff's Motion to Lift Stay to Conduct Limited (doc. 36) is hereby denied.

IT IS SO ORDERED.

Dated in Kansas City, Kansas on this 22nd day of February, 2005.

s/ David J. Waxse
David J. Waxse
United States Magistrate Judge

---

[12] 15 U.S.C. § 78u-4(b)(3)(B).

[13] *See, In re Lernout & Hauspie Sec. Litig.*, 214 F.Supp.2d 100, 108 (D. Mass. 2002) (movant must "adequately specify the target of the requested discovery and the types of information needed" to relieve the extraordinary circumstances.)

cc:     All counsel and *pro se* parties