## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **SALLY S. HILKENE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION** |
| **v.** | ) | |
| | ) | **No. 04-2253-KHV** |
| **WD-40 COMPANY and SCOTT H. HILKENE,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |
| _____ | ) | |

### ORDER

This matter is before the Court on <u>WD-40 Company's Motion To Dismiss Plaintiff's Second Amended Complaint</u> (Doc. #56) filed April 15, 2005 and <u>Defendant Scott Hilkene's Motion To Dismiss Plaintiff's Second Amended Complaint</u> (Doc. #58) filed April 19, 2005.  Defendants seek to dismiss plaintiff's fraud claims because they are not pled with sufficient particularity.  For reasons stated below, the Court sustains defendants' motions in part.

### Factual Background

Plaintiff's second amended complaint may be summarized as follows:

Sally S. Hilkene is the former spouse of Scott H. Hilkene, who owned all of the stock of Heartland Corporation ("Heartland").  As part of an agreement in their divorce, Sally Hilkene and Scott Hilkene agreed to work together and in good faith to sell Heartland to WD-40 Company ("WD-40").  On May 3, 2002, the parties executed a Purchase Agreement whereby WD-40 agreed to acquire all outstanding shares of Heartland stock for $47 million with 50 per cent payable to Sally Hilkene and 50 per cent

payable to Scott Hilkene.[1]  The acquisition closed on May 31, 2002.

Plaintiff asserts claims for fraudulent concealment against Scott Hilkene and WD-40.  Shortly before the execution of the Purchase Agreement, Scott Hilkene and WD-40 entered into a complex series of side deals.  Scott Hilkene and WD-40 did not disclose these side agreements to plaintiff.  The effect of these side deals was to devalue Heartland by having it recognize certain expenses and write-offs before closing in exchange for WD-40's agreement to give Scott Hilkene and other employees excess compensation and other benefits shortly after closing.  See Second Amended Complaint (Doc. #51) ¶¶ 14, 19, 20, 25-26, 31, 36.  In sum, the side deals allowed WD-40 to acquire Heartland for less than market value and gave Scott Hilkene certain benefits not disclosed in the Purchase Agreement.  See id. ¶¶ 18, 22, 24, 28, 30, 33, 35, 38-40.

Plaintiff also asserts a claim for fraudulent misrepresentations against Scott Hilkene.  From August of 2001 through May 31, 2002, Hilkene and his attorney, both orally and in writing, made 16 specific representations to plaintiff and her representatives.   See id. ¶ 61a-p.  Plaintiff alleges that the 16 representations took place "in the Kansas City, Missouri Area primarily at the Law Offices of Kutak Rock, in the courtroom (on and off the record), and adjacent offices [], by telephone to Douglas Irmen and his associate, in the [parties' divorce decree] and in e-mail and correspondence sent by the U.S. mail."  See id.  Plaintiff does not further identify who made the 16 representations, when they were made or where

---

[1]      Plaintiff has not attached a copy of the Purchase Agreement to her complaint, but the Court can nevertheless consider the agreement on a motion to dismiss.  See GFF Corp. v. Associated Wholesale Grocers, Inc., 130 F.3d 1381, 1384 (10th Cir. 1997) (if document is referred to but not attached to complaint and is central to plaintiff's claim, defendant may submit indisputably authentic copy to be considered on motion to dismiss).  Plaintiff does not dispute the authenticity of the copy which WD-40 has provided, or deny that the Court can consider it on a motion to dismiss.

they were made.

On May 28, 2004, Sally Hilkene filed suit against WD-40 and Scott Hilkene. Count I of plaintiff's second amended complaint alleges that WD-40 violated federal and state securities laws and fraudulently induced her to enter into the Purchase Agreement and close the transaction by not disclosing certain material facts.[2] Counts II and III allege that Scott Hilkene fraudulently induced her to enter into the Purchase Agreement and close the transaction. Defendants seek to dismiss plaintiff's fraud claims because they are not pled with sufficient particularity under Rule 9(b), Fed. R. Civ. P., and the Private Securities Litigation Reform Act ("PSLRA"), 15 U.S.C. § 78u-4(b)(1) and (2).

## Analysis

Rule 9(b), Fed. R. Civ. P., requires that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." The purpose of Rule 9(b) is to enable a defending party to prepare an effective response to charges of fraud and to protect the defending party from unfounded charges of wrongdoing which might injure its reputation and goodwill. See NL Indus., Inc. v. Gulf & W. Indus., Inc., 650 F. Supp. 1115, 1129-30 (D. Kan. 1986). The Court must read Rule 9(b) in harmony with the simplified notice pleading provisions of Rule 8. See Cayman Explor. Corp. v. United Gas Pipe Line Co., 873 F.2d 1357, 1362 (10th Cir. 1989). To plead a fraud claim, plaintiff must describe the circumstances of the fraud, i.e. the time, place and content of the false representation; the identity of the person making the representation; and the harm caused by plaintiff's reliance on the false representation.

---

[2]        In her response to defendants' initial motions to dismiss, plaintiff agreed that she could not maintain a claim under the Securities and Exchange Act of 1933. In response to the present motions to dismiss, plaintiff does not address the issue. Accordingly, WD-40's motion to dismiss plaintiff's claim under the Securities and Exchange Act of 1933 is sustained.

Ramada Franchise Sys., Inc. v. Tresprop, Ltd., 188 F.R.D. 610, 612 (D. Kan. 1999).  Stated differently, Rule 9(b) requires plaintiff to set forth the "who, what, where, and when" of the alleged fraud.  Nal II, Ltd. v. Tonkin, 705 F. Supp. 522, 525-26 (D. Kan. 1989).

The PSLRA mandates a more stringent pleading standard for securities fraud actions in general, and for scienter allegations in particular.  See City of Philadelphia v. Fleming Cos., Inc., 264 F.3d 1245, 1258 (10th Cir. 2001).  As part of the circumstances constituting fraud, plaintiff must allege why the disputed statement was untrue or misleading *when made*.  Id. at 1260 (quoting Grossman v. Novell, Inc., 120 F.3d 1112, 1124 (10th Cir. 1997)) (further citation omitted).  In addition, for allegations of non-disclosure, plaintiff must state with particularity facts giving rise to a "strong inference" that defendants knew of the potentially misleading fact and knew that failure to reveal that fact would likely mislead.  City of Philadelphia, 264 F.3d at 1261.

**I.      Fraudulent Omission Claims Against WD-40 And Hilkene**

WD-40 argues that plaintiff's fraud allegations should be dismissed for lack of particularity.  Several courts have held that the particularity requirements of Rule 9(b) cannot be strictly applied in concealment cases because an omission often cannot be described in terms of the time, place and contents of the misrepresentation or the identity of the person making the misrepresentation.  See Swedish Civil Aviation Admin. v. Project Mgmt. Enters., Inc., 190 F. Supp.2d 785, 799 (D. Md. 2002); Bonfield v. AAMCO Transmissions, Inc., 708 F. Supp. 867, 875 (N.D. Ill. 1989) (superseded by statute on other grounds); Shaw v. Brown & Williamson Tobacco Corp., 973 F. Supp. 539, 552 (D. Md. 1997).  The Court agrees that Rule 9(b) cannot be rigidly applied to the alleged omissions in this case.

Plaintiff has alleged the information which defendants failed to disclose to her.  The Court cannot

4

ascertain precisely how the side deals devalued Heartland before closing, but the complaint nevertheless gives defendants fair notice as to the theory of plaintiff's case, i.e. that plaintiff thought that she was entering a three-way arms length transaction, but Scott Hilkene and WD-40 had certain side deals which decreased the value of the company and therefore the purchase price which WD-40 paid for Heartland. By necessary implication, plaintiff has alleged that no one at WD-40 disclosed the information, i.e. that all WD-40 employees failed to disclose the information. By necessary implication, plaintiff has also alleged a continuous concealment, throughout the period of time when the parties negotiated the purchase agreement. In sum, Counts I and II of plaintiff's second amend complaint afford defendants sufficient notice that they can prepare an effective responsive pleading. See Farlow v. Peat, Marwick, Mitchell & Co., 956 F.2d 982, 987 (10th Cir. 1992); VNA Plus, Inc. v. Apria Healthcare Group, Inc., 29 F. Supp.2d 1253, 1258 (D. Kan. 1998).

**II.     Fraudulent Representation Claim Against Scott Hilkene**

Scott Hilkene also argues that plaintiff's fraudulent misrepresentation claim should be dismissed for lack of particularity under Rule 9(b). The Court agrees. Plaintiff alleges generally that from August of 2001 through May 31, 2002, both orally and in writing, Hilkene and his attorney made 16 specific representations to plaintiff and her representatives. Such allegations are insufficient under Rule 9(b) and the PSLRA. In its prior order, the Court specifically cautioned plaintiff that a range of dates is insufficient to plead when a fraudulent representation was made. See Order (Doc. #40) filed February 10, 2005 at 7. In addition, plaintiff must specify where and to whom each representation was made and further allege why each statement was untrue or misleading *when made*. See City of Philadelphia, 264 F.3d at 1260. Plaintiff's claim for fraudulent representations does not meet these standards. The Court therefore

5

dismisses Count III for failure to plead with sufficient particularity.

**IT IS THEREFORE ORDERED** that WD-40 Company's Motion To Dismiss Plaintiff's Second Amended Complaint (Doc. #56) filed April 15, 2005 be and hereby is **SUSTAINED in part**. The Court sustains WD-40's motion as to plaintiff's claim under the Securities and Exchange Act of 1933.

**IT IS FURTHER ORDERED** that Defendant Scott Hilkene's Motion To Dismiss Plaintiff's Second Amended Complaint (Doc. #58) filed April 19, 2005 be and hereby is **SUSTAINED in part**. The Court sustains Scott Hilkene's motion as to Count III of plaintiff's Second Amended Complaint (Doc. #51).

**IT IS FURTHER ORDERED** that the stay of discovery in this matter is lifted.

Dated this 14th day of November, 2005 at Kansas City, Kansas.

<div style="margin-left:40%;">

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Court

</div>