IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SALLY S. HILKENE,

                Plaintiff,

v.                                               Case No.: 04-2253-KHV-DJW

WD-40 COMPANY, et al.,

                Defendants.

## PROTECTIVE ORDER

For good cause shown, the parties' Joint Motion for Protective Order (doc. 84) is granted and **IT IS HEREBY ORDERED**:

    1. That all documents and information relating to the following matters: (a) the personal finances of the individual parties and/or non-parties; (b) non-public information regarding WD-40's finances and/or confidential business operations; (c) non-public contracts and agreements between WD-40 and any non-parties to this litigation; (d) non-public contracts and agreements between Heartland Corporation and non-parties to this litigation; (e) the personal and/or corporate tax returns and related documents of all parties produced or discovered in the course of discovery in this case shall be treated by all parties to this litigation as highly confidential matters and/or proprietary matters which shall not be disclosed, given, shown, made available, discussed or otherwise communicated in any way to anyone other than:

    a. The parties, the attorneys for the parties in this litigation and their employees, management personnel of WD-40 responsible for this litigation and counsel regularly employed by any party assisting in the preparation of this litigation for trial;

    b. Persons retained or consulted by a party or its attorneys as expert witnesses in this litigation;

   c. Any person of whom testimony is taken or to be taken in this litigation; however, such person may only be shown confidential matter during his testimony and in preparation therefore and only to the extent necessary for such preparation or testimony; and

   d. Court personnel, including stenographic reporters engaged in such proceedings as are necessarily incident to the preparation and/or trial of this litigation.

   2. If the parties wish to give, show or make available such confidential matter to persons other than those referred to in paragraph 1, such party shall submit to counsel for the opposing party, a written statement identifying the name, title and business relationship of the person or persons to whom disclosure is requested. The attorneys for the opposing party shall have ten (10) days from the date of receipt of such request to object to such disclosure. If the parties are unable to informally resolve any objection, the requesting party may submit such dispute to the Court for resolution.

   3. Counsel shall not furnish any portion of the materials produced pursuant to this Order to any expert witness until such expert shall have first signed the affidavit attached hereto as Exhibit 1, a copy of which shall immediately be forwarded to opposing counsel when that individual is identified as an expert. If the individual is never identified as an expert by a party, the affidavit shall be furnished to the opposing party at the conclusion of the case by settlement, judgment or appeal.

   4. Such confidential and proprietary matter shall be used only for the purpose of litigation in this action.

   5. Upon the final determination of this action all originals and copies of said confidential matter produced by either party shall be returned to the producing party upon request. Such request shall designate with reasonable particularity the materials to be returned.

6. Jurisdiction of this action is to be retained by this Court after final determination for purposes of enabling any party or persons affected by this Order or further order as may be necessary or appropriate herewith, the punishment of any violation hereto or for such additional relief as may become necessary to realize the purposes of the order.

7. In the event of a dispute between the parties concerning whether any documents are properly subject to this Order, the parties shall submit the dispute to the court and the documents involved shall be submitted to the Court for <u>in camera</u> inspection.

IT IS SO ORDERED.

Dated in Kansas City, Kansas on this 6th day of March, 2006.

<u>s/ David J. Waxse</u>
David J. Waxse
United States Magistrate Judge

cc: All counsel and *pro se* parties

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SALLY S. HILKENE,

        Plaintiff,

v.                                                                   Case No.: 04-2253-KHV-DJW

WD-40 COMPANY, et al.,

        Defendants.

## **AFFIDAVIT**

STATE OF _____

                        ss

COUNTY OF _____

       The undersigned hereby acknowledges that (s)he has read the foregoing Protective Order dated the \_\_\_\_ day of February, 2006, executed by the attorneys of record for the parties in the above-identified litigation presently pending in the United States District Court of the District of Kansas, understands the terms thereof, and agrees, upon threat of penalty of contempt of Court, to be bound by such terms.

_____                            _____

Date                                                                            Signature