UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

SALLY S. HILKENE,

        Plaintiff,

v.                                                                                   Case No.:  04-2253-KHV-DJW

WD-40 COMPANY, et al.,

        Defendant.

## MEMORANDUM AND ORDER

Currently pending before the Court are Defendants' Motions to Compel Expert Reports, or in the Alternative to Strike Plaintiff's Designation of Experts (docs. 119 and 123).

This case involves allegations of fraud in connection with a transaction for the sale of a corporation known as Heartland Corporation. Plaintiff and Defendant Scott Hilkene each sold their 50% interest in Heartland Corporation to Defendant WD-40. Scott Hilkene was the president of Heartland, and responsible for running the day-to-day affairs of Heartland and negotiating the sale to WD-40.  Plaintiff alleges that Scott Hilkene and WD-40 acted together to reduce the sale price of Heartland, thereby enabling Scott Hilkene to receive excess compensation from WD-40 outside of the transaction without the knowledge of Plaintiff.

On May 1, 2006, Plaintiff served a pleading on Defendants designating twelve individuals from whom she may elicit expert/opinion testimony at trial.  Because Plaintiff contends these twelve individuals "are primarily fact witnesses that are not retained or specially employed to provide expert testimony," Plaintiff did not provide reports from any of these "expert" witnesses.  Defendants disagree with Plaintiff's designation of selected individuals as "fact witnesses," arguing that four of the designees are experts within the meaning of Fed. R. Civ. P. 26(a)(2), and, thus, expert reports required by this rule must be provided.

**Discussion**

Fed. R. Civ. P. 26(a)(2)(A) applies generally to any witness who will deliver an expert opinion under Fed. R. Evid. 702. It requires that "a party shall disclose to other parties the identity of any person who may be used at trial to present [expert testimony]."

Rule 26(a)(2)(B) requires additional disclosures with respect to a "witness who is retained or specially employed to provide expert testimony in the case." When Rule 26(a)(2)(B) applies, the expert must file a report containing "a complete statement of all opinions to be expressed and the basis and reasons therefor [along with] the data or other information considered by the witness."

A key factor in determining whether an expert is subject to Rule 26(a)(2)(B) disclosures is "the scope of the proposed testimony."[1] Although in the context of whether a treating physician is required to submit a Rule 26(a)(2)(B) expert report – as opposed to a professional consultant or advisor as presented in this case – the Court finds the holding in *Wreath v. United States* to be equally applicable to the circumstances presented here.

In *Wreath*, this Court held that, to the extent a treating physician "limits his or her testimony to the patient's care and treatment, the physician is not 'specially retained' despite the fact that the witness may offer opinion testimony under Fed. R. Evid. 702, 703, and 705."[2] Thus, "a treating physician may testify about that which is related to and learned through actual treatment of the [patient], and which is based on his or her 'personal knowledge of the examination, diagnosis and treatment.'"[3]

---

[1] *Wreath v. United States*, 161 F.R.D. 448, 450 (D. Kan. 1995) (discussing Rule 26(a)(2)(B) requirement in the context of a treating physician).

[2] *Id.*; *see also Starling v. Union Pacific R.R. Co.*, 203 F.R.D. 468, 477 (D. Kan. 2001) (citing *Wreath*).

[3] *Id.*

With that said, the *Wreath* court further states that the trial court has discretion to limit or prohibit a treating physician's opinion testimony that goes beyond information obtained during the physician's care and treatment of the patient, or if the court determines the physician was retained specifically to develop opinion testimony.[4] For example, if a treating physician asks to review medical records from another health care provider for the purpose of rendering opinion testimony, then the physician may be considered "specially retained," and therefore subject to the requirements of Rule 26(a)(2)(B), despite having also treated the patient.[5] Simply put, Rule 26(a)(2)(B) focuses not on the status of the witness, but rather on the substance and/or the scope of the testimony.[6]

In this case, there is a dispute between the parties regarding whether four of the twelve designated experts are fact witnesses or experts retained to provide expert testimony for litigation. In order to resolve this dispute, the Court must know the substance and/or the scope of the anticipated testimony for each of these witnesses. Because neither Plaintiff nor Defendants have provided this necessary information, the Court cannot determine whether the designated individuals are fact witnesses engaged to provide services in connection with the transaction in dispute or whether they are experts who were retained before, during or after the transaction at issue in order to provide expert testimony for litigation.

In light of these rather unique circumstances, it is hereby ordered that Defendants' Motions to Compel Expert Reports, or in the Alternative to Strike Plaintiff's Designation of Experts (docs. 119 and 123) are granted in part and denied in part as follows:

---

[4] *Id.*

[5] *Id.*

[6] *Starling v. Union Pacific R. Co.*, 203 F.R.D. 468, 477 (D. Kan. 2001) (citing *Wreath v. United States*, 161 F.R.D. 448, 450 (D. Kan. 1995)).

(1) Those portions of the Motions seeking to compel expert reports are granted to the extent that if Plaintiff intends to elicit testimony from any of the twelve designated experts that goes beyond the experts' personal knowledge as actor or viewer with respect to the transactions or occurrences that are part of the subject matter of the lawsuit, Plaintiff shall provide Defendants a written report under Rule 26(a)(2)(B) on or before **August 22, 2006**; and

(2) Those portions of the Motions seeking to strike expert designations are denied.

IT IS SO ORDERED.

Dated in Kansas City, Kansas on this 25th day of July, 2006.

s/ David J. Waxse
David J. Waxse
United States Magistrate Judge

cc: All counsel and *pro se* parties