UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

SALLY S. HILKENE,

        Plaintiff,

v.                                             Case No.: 04-2253-KHV-DJW

WD-40 COMPANY, et al.,

        Defendant.

## MEMORANDUM AND ORDER

Pending before the Court is Defendant Scott Hilkene's Motion to Quash Subpoena and for Protective Order (doc. 160). For the reasons stated below, Defendant Hilkene's Motion is granted.

## Relevant Background

Relevant to the issue before the Court, this case involves allegations of fraudulent concealment in connection with the sale of a company named Heartland Corporation. Plaintiff and Defendant Scott Hilkene each sold their 50% interest in Heartland Corporation to Defendant WD-40. Scott Hilkene was the president of Heartland and was responsible for running the day-to-day affairs of Heartland and negotiating the sale to WD-40.

In support of her fraudulent concealment claim, Plaintiff states that shortly before execution of the Purchase Agreement, Scott Hilkene and WD-40 entered into a complex series of side deals without Plaintiff's knowledge. Plaintiff asserts these side deals permitted Heartland to recognize certain expenses and write-offs before closing in exchange for WD-40's agreement to give Scott Hilkene and other employees excess compensation and other benefits shortly after closing. In other words, Plaintiff alleges the side deals allowed WD-40 to acquire Heartland for less than market value and gave Scott Hilkene compensation and certain benefits not disclosed in the Purchase Agreement.

During the course of discovery, Plaintiff sought to compel Defendant Hilkene to produce his personal tax returns through 2005. In support of this request, Plaintiff stated she needed this information in order to discover whether Defendant Hilkene reported supplemental income, presumably from the non-disclosed side deals. Utilizing a two-pronged test developed by the District of Kansas courts to assure a balance between the liberal scope of discovery and the policy favoring confidentiality of tax returns, this Court rejected Plaintiff's claim of relevancy on grounds that the allegation of supplemental income was speculative.[1] Given the Court's policy favoring the confidentiality of tax returns, and the fact that Plaintiff admittedly had only speculated that Defendant Hilkene's tax returns reflect supplemental income, the Court denied Plaintiff's Motion to Compel.[2]

Plaintiff subsequently served a subpoena duces tecum upon Robert Purinton ("Purinton"), Defendant Hilkene's personal accountant, seeking copies of all documents given to Purinton by Defendant Hilkene for purposes of providing accounting services to Scott Hilkene, or any entity of which Defendant Hilkene had an interest, including financial statements, bank statements, cancelled checks, 1099's, and W-2 statements. Defendant Hilkene filed a Motion to Quash the subpoena on grounds that the Court already made a ruling with regard to Defendant Hilkene's tax returns and, even if it had not been ruled, the subpoena seeks production of privileged, confidential and irrelevant materials.

---

[1] Memorandum and Order dated July 25, 2006 (doc. 154).

[2] *Id.*

## Discussion

**A.     Standing**

As an initial matter, the Court considers whether Defendant Hilkene has standing to move to quash or otherwise object to the subpoena at issue. Generally, only the party or person to whom the subpoena is directed has standing to move to quash or otherwise object to a subpoena.[3] "A motion to quash or modify a subpoena duces tecum may only be made by the party to whom the subpoena is directed except where the party seeking to challenge the subpoena has a personal right or privilege with respect to the subject matter requested in the subpoena."[4] Applying this rule, the Court finds that Defendant Hilkene has a personal right with respect to his tax returns and other financial information, and this right gives him standing to move to quash the subpoena.

**B.     Relevancy Objection**

Fed. R. Civ. P. 45 does not include relevance as an enumerated reason for quashing a subpoena. It is well settled, however, that the scope of discovery under a subpoena is the same as the scope of discovery under Rule 26(b)[5] and Rule 34.[6] Thus, the Court must examine whether the

---

[3]*Hertenstein v. Kimberly Home Health Care, Inc.*, 189 F.R.D. 620, 635 (D. Kan. 1999).

[4]*Id.* (quoting *Smith v. Midland Brake, Inc.*, 162 F.R.D. 683, 685 (D. Kan. 1995)).

[5]Fed. R. Civ. P. 26(b) provides that parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party. The rule goes on to state that relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

[6]*See* Fed. R. Civ. P. 45(d)(1) advisory committee's note to the 1970 Amendment (the 1970 amendments "make it clear that the scope of discovery through a subpoena is the same as that applicable to Rule 34 and the other discovery rules."). See also 9A Charles A. Wright and Arthur R. Miller, Federal Practice and Procedure § 2459 (2d ed. 1995) (scope of discovery through a subpoena is "exceedingly broad" and incorporates the provisions of Rule 26(b) and Rule 34).

request for all of Defendant Hilkene's financial statements, bank statements, cancelled checks, 1099's, W-2 statements, and other financial materials is overly broad or seeks irrelevant information.[7]

Federal Rule of Civil Procedure 26(b)(1) provides that "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party. . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."[8] Relevancy is broadly construed, and a request for discovery should be considered relevant if there is "any possibility" that the information sought may be relevant to the claim or defense of any party.[9]

When the discovery sought appears relevant on its face, the party resisting the discovery has the burden to establish that the requested discovery does not come within the scope of relevance as defined under Rule 26(b)(1), or is of such marginal relevance that the potential harm occasioned by the discovery would outweigh the ordinary presumption in favor of broad disclosure.[10] Conversely, when the request is overly broad on its face or when relevancy is not readily apparent, the party seeking the discovery has the burden to show the relevancy of the request.[11]

---

[7] *See Phalp v. City Of Overland Park, Kan.*, No. 00-2354-JAR, 2002 WL 1162449, at *3-4 (D. Kan. May 8, 2002) (applying principles of overbreadth and relevance to subpoena duces tecum).

[8] Fed. R. Civ. P. 26(b)(1).

[9] *Cardenas v. Dorel Juvenile Group, Inc.*, 230 F.R.D. 611, 615 (D. Kan. 2005); *Owens v. Sprint/United Mgmt. Co.,* 221 F.R.D. 649, 652 (D. Kan. 2004); *Sheldon v. Vermonty*, 204 F.R.D. 679, 689-90 (D. Kan. 2001).

[10] *Cardenas*, 230 F.R.D. at 615-16; *Owens*, 221 F.R.D. at 652; *Gen. Elec. Capital Corp. v. Lear Corp.*, 215 F.R.D. 637, 640 (D. Kan. 2003).

[11] *Cardenas*, 230 F.R.D. at 616; *Owens*, 221 F.R.D. at 652; *Steil v. Humana Kan. City, Inc.*, 197 F.R.D. 442, 445 (D. Kan. 2000).

The Court finds the request here, which seeks copies of all documents given to Purinton by Defendant Hilkene for purposes of providing accounting services to Scott Hilkene, is overly broad on its face. This sweeping request for unlimited personal financial information ventures far beyond the scope of relevancy with regard to Plaintiff's claim that WD-40 acquired Heartland for less than market value in exchange for giving Scott Hilkene excess compensation and certain benefits not disclosed in the Purchase Agreement.

Given the subpoena duces tecum is overly broad on its face, Plaintiff, as the party seeking the discovery, now has the burden to show the relevancy of the request.[12] To that end, Plaintiff argues Defendant Hilkene's personal financial information is relevant to her claim that Defendant Hilkene diverted funds of Heartland to those who could return the assets to him following the sale of Heartland. In support of this claim, Plaintiff refers in her pleading to payments authorized by Defendant Hilkene on behalf of Heartland to a vendor identified as Plaze. Plaintiff asserts this vendor received payments in excess of the previous year despite a reduction in the amount of product manufactured by Plaze. Plaintiff also refers to commission payments made by Heartland to a broker that increased just prior to the sale of Heartland. Plaintiff asserts the increases in commission payments to this vendor were authorized by Defendant Hilkene despite the fact that there was not an increase in sales.

The Court is not persuaded by Plaintiff's argument. As a preliminary matter, Count II of Plaintiff's Third Amended Complaint asserts that WD-40 acquired Heartland for less than market value in exchange for giving Scott Hilkene excess compensation and certain benefits not disclosed

---

[12]*See Owens*, 221 F.R.D. at 652 (when the request is overly broad on its face, the party seeking the discovery has the burden to show the relevancy of the request).

5

in the Purchase Agreement. This new claim – that Defendant Hilkene diverted funds of Heartland to those who could return the assets to him following the sale of Heartland – and the facts alleged by Plaintiff to support this theory, has been raised for the first time in conjunction with this briefing and is not currently a claim in this lawsuit.  Because the "diversion" claim has not been asserted as part of this lawsuit, the Court finds unavailing Plaintiff's argument that the financial materials requested are relevant to such a claim.

Moreover, even if Plaintiff had properly asserted this "diversion" claim in her Complaint, the Court finds a sweeping request for the wholesale production of all financial documents provided by client (Hilkene) to accountant (Purinton) is overly broad and seeks materials far beyond the scope of relevant information with regard to such a claim. The mere suspicion that relevant evidence might be located in one of the many financial documents requested does not justify the production of all financial materials provided by Defendant Hilkene to Purinton.  Plaintiff's production requests must be reasonably tailored to secure the production of documents relevant to the claims and defenses asserted in this lawsuit.

Defendant's Motion to Quash and For Protective Order (doc. 160) is granted, each party to bear their own costs.   The Court notes that the findings above have been made pursuant to Fed. R. Civ. P. 45, the rule applicable to a subpoena duces tecum such as the one presented here.  If Defendant designates (or has designated) Mr. Purinton as an expert in this case, then disclosure must be analyzed pursuant to Fed. R. Civ. P. 26(a)(2).

IT IS SO ORDERED.

Dated in Kansas City, Kansas on this 26th day of September, 2006.

                                              s/ David J. Waxse
                                              David J. Waxse
                                              United States Magistrate Judge

cc:    All counsel and *pro se* parties