UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

SALLY S. HILKENE,

        Plaintiff,

v.                                Case No.:  04-2253-KHV-DJW

WD-40 COMPANY, et al.,

        Defendant.

## MEMORANDUM AND ORDER

Pending before the Court is Defendant Hilkene's Motion to Quash Deposition of Thomas Ruzicka and for Protective Order (doc. 162).  For the reasons below, the Motion is granted.

## Relevant Background

This case involves allegations of fraudulent concealment in connection with the sale of Heartland Corporation.  Plaintiff and Defendant Scott Hilkene each sold their 50% interest in Heartland Corporation to Defendant WD-40.  Scott Hilkene was the president of Heartland and was responsible for running the day-to-day affairs of Heartland and negotiating the sale to WD-40.

Plaintiff recently issued a deposition subpoena for Thomas Ruzicka, the lead attorney for Defendant Scott Hilkene in this case, in the underlying divorce case, and in the sale of Heartland to WD-40.  The deposition subpoena requests "[a]ny and all legal billing to Scott Hilkene and Heartland Corporation for negotiations for the sale of stock and assets of Heartland Corporation to WD-40.  Any and all documents in [Mr. Ruzicka's] possession [that] include communications by [Mr. Ruzicka] to any person on behalf of WD-40 in connection with negotiations for the sale of Heartland Corporation assets and stock."  Defendant moves the Court for an order quashing this deposition notice and for a protective order that the deposition not be taken.

I.      **The Law Regarding Attorney Depositions**

Special rules apply to the depositions of a party's counsel. In *Simmons Foods, Inc. v. Willis*,[1] this Court set forth the standard for determining when the deposition of a party's attorney should be allowed. The Court first summarized the general rules regarding such depositions:

> An attorney, even an attorney for a party to the suit, is subject to being deposed. Courts do not favor thwarting a deposition. Barring extraordinary circumstances, courts rarely will grant a protective order which totally prohibits a deposition. A request to take the deposition of an attorney for a party may, however, constitute an extraordinary circumstance justifying departure from the normal rule. While the Federal Rules do not prohibit the deposition of an attorney for a party, experience teaches that countenancing unbridled depositions of attorneys often invites delay, disruption of the case, harassment, and unnecessary distractions into collateral matters.[2]

The Court then held that depositions of "opposing counsel" should be limited to those circumstances where the party seeking to take the deposition has shown the following: (1) no other means exist to obtain the information except to depose opposing counsel; (2) the information sought is relevant and nonprivileged; and (3) the information is crucial to the preparation of the case.[3] The burden is on the party seeking the attorney's deposition to establish each of these three criteria.[4]

II.     **Application of *Simmons* to this Case**

The first *Simmons* criteria that Plaintiff must satisfy is that "no other means exist to obtain the information except to depose opposing counsel."[5] In other words, Plaintiff must show that the

---

[1] 191 F.R.D. 625 (D. Kan. 2000).

[2] *Id.* at 630 (citations and quotations omitted).

[3] *Id.* (citing *Shelton v. American Motors Corp.*, 805 F.2d 1323, 1326 (8th Cir. 1986))

[4] *Id.*

[5] *Simmons*, 191 F.R.D. at 630.

information she seeks through Mr. Ruzicka's deposition is not available from any other source.[6]

Here, Plaintiff alleges that Mr. Ruzicka's billing information will reveal communications with various parties. The Court finds, however, that depositions of the alleged third parties would reveal the same information without invading the attorney-client privilege. There has been no evidence presented to demonstrate that Plaintiff has attempted and failed to obtain this information from other sources. It thus appears that Plaintiff has not exhausted all sources to obtain information that will reveal Mr. Ruzicka's communications to other parties during negotiation and sale of Heartland to WD-40. Accordingly, the Court holds that Plaintiff has failed to demonstrate that the information she seeks from Mr. Ruzicka cannot be obtained from other sources. Plaintiff has therefore failed to satisfy the first *Simmons* criterion, i.e., that the information sought is not available through any source but opposing counsel.

Having failed to satisfy this criterion, Plaintiff is not entitled to take Mr. Ruzicka's deposition. The Court need not analyze the two remaining criteria, inasmuch as Plaintiff must satisfy all three criteria in order to proceed with the deposition.[7]

For these reasons, Defendant's Motion to Quash Deposition of Thomas Ruzicka and for Protective Order (doc. 162) is granted.

IT IS SO ORDERED.

Dated in Kansas City, Kansas on this 26th day of September, 2006.

---

[6]*See id.* at 631.

[7]*See Simmons*, 191 F.R.D. at 637 (holding defendants not entitled to depose opposing counsel where they failed to show that the information could be obtained only from opposing counsel, notwithstanding the fact that defendants had satisfied the other two criteria).

          <u>s/ David J. Waxse</u>
          David J. Waxse
          United States Magistrate Judge

cc:    All counsel and *pro se* parties