IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| SALLY S. HILKENE, )<br><br>Plaintiff, )<br><br>v. )<br><br>WD-40 COMPANY and SCOTT H. HILKENE, )<br><br>Defendants. )<br>_____) | )<br><br>)<br><br>)<br>CIVIL ACTION<br>)<br><br>) No. 04-2253-KHV<br><br>)<br><br>)<br><br>) |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion To Dismiss Federal Securities Claims Asserted Against Scott Hilkene (Doc. #182) filed October 13, 2006 and the Motion Of Defendant Scott H. Hilkene For Sanctions, Legal Fees And Costs Against Plaintiff (Doc. #184) filed October 17, 2006. For reasons stated below, the Court sustains plaintiff's motion and overrules defendant's motion.

### I. Plaintiff's Motion To Dismiss (Doc. #182)

Plaintiff asks the Court to dismiss without prejudice all claims asserted in the Third Amended Complaint (Doc. #127) against Scott Hilkene. Defendant does not oppose plaintiff's motion on the condition that the Court retain jurisdiction to hear his motion for sanctions. Because the Court addresses defendant's motion for sanctions in this order, the Court sustains plaintiff's motion to dismiss as uncontested. Pursuant to Rule 41(a)(2), Fed. R. Civ. P., plaintiff's claims against Scott Hilkene are dismissed without prejudice.

### II. Defendant's Motion For Sanctions (Doc. #184)

Scott Hilkene asks the Court to impose sanctions under Rule 11, Fed. R. Civ. P., and the Private

Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4(b)(2), because plaintiff had no

good faith factual basis to assert the claims in this action.

As to defendant's request under Rule 11, defendant has not complied with the procedural

requirements for parties seeking sanctions. See Fed. R. Civ. P. 11(c)(1)(A). The moving party must

submit the motion for sanctions separately from other motions or requests and specifically describe the

conduct that allegedly violates Rule 11(b). See Fed. R. Civ. P. 11(c)(1)(A). The moving party must serve

the motion on the opposing party. See id. If the offending party does not withdraw the challenged

document or conduct after 21 days, the moving party may file its motion for sanctions with the court. See

id. The plain language of the rule indicates that this notice and opportunity prior to filing is mandatory.

Aerotech, Inc. v. Estes, 110 F.3d 1523, 1529 (10th Cir. 1997) (citing Elliott v. Tilton, 64 F.3d 213, 216

(5th Cir. 1995)). These provisions are intended to provide a "safe harbor" against Rule 11 motions, so that

a party will not be subject to sanctions unless, after motion, it refuses to withdraw a frivolous position or

acknowledge that it does not currently have evidence to support a specified allegation. Advisory Committee

Notes to 1993 Amendments, Fed. R. Civ. P. 11. Because defendant did not file its motion for sanctions

as a separate motion and has provided no evidence that it complied with the Rule 11 safe harbor provision,

the Court overrules defendant's request under Rule 11.

As to defendant's request under the PSLRA, the Court notes that in any private action under the

PSLRA, "upon final adjudication of the action, the court shall include in the record specific findings

regarding compliance by each party and each attorney representing any party with each requirement of

Rule 11(b) of the Federal Rules of Civil Procedure as to any complaint, responsive pleading, or dispositive

motion." 15 U.S.C. § 78u-4(c)(1). No motion is necessary under the PSLRA and a party cannot obtain

a district court determination on sanctions before a final adjudication.  To trigger the mandatory inquiry

regarding sanctions under the PSLRA, an action must result in a "final adjudication."  In this case, the

parties have agreed to dismissal of plaintiff's federal and state law claims without prejudice and plaintiff

intends to re-file her state law claims in state court.  The PSLRA does not define "final adjudication," but

the phrase ordinarily refers to a terminating decision, such as a verdict, summary judgment or dismissal with

prejudice without leave to amend.  See DeMarco v. Depotech Corp., 131 F. Supp.2d 1185, 1187 (S.D.

Cal. 2001); see also Black's Law Dictionary 45 (8th ed. 2004) (adjudication is "process of judicially

deciding a case"); Bryan A. Garner, A Dictionary Of Modern Legal Usage 27 (2d ed. 1995) (adjudication

is "process of judging").  Because the Court dismisses plaintiff's claims without prejudice and with the

opportunity for plaintiff to re-file them in state and/or federal court, the case did not result in a "final

adjudication." 15 U.S.C. § 78u-4(c)(1); see In re Cross Media Mktg. Corp. Sec. Litig., 314 F. Supp.2d

256, 269 (S.D.N.Y. 2004) (because case dismissed without prejudice and with leave to re-file, court may

not have made "final adjudication"); Blaser v. Bessemer Trust Co., N.A., No. 01-Civ.-11599(DLC), 2002

WL 31359015, at *3 (S.D.N.Y. Oct. 21, 2002) (if Congress intended to saddle district courts with task

of making sanctions determination in every case under PSLRA, including actions which are voluntarily

dismissed before answer, it would have stated so explicitly instead of using phrase "final adjudication" as

trigger for Rule 11 review); DeMarco, 131 F. Supp.2d at 1187 ("final adjudication" occurs upon

terminating decision such as verdict, summary judgment or dismissal with prejudice without leave to

amend); High View Fund, L.P. v. Hall, 27 F. Supp.2d 420, 430 (S.D.N.Y.1998) (dismissal with leave to

amend does not constitute "final adjudication" of action); Scone Invs., L.P. v. Am. Third Mkt. Corp., 97

Civ. 3802(SAS), 1998 WL 205338, at *11 n.3 (S.D.N.Y. Apr. 28, 1998) (same); see also Gurary v.

Nu-Tech Bio-Med, Inc., 303 F.3d 212, 215-17 (2d Cir. 2002) (dismissal on summary judgment "final

adjudication"); Polar Int'l Brokerage Corp. v. Reeve, 120 F. Supp.2d 267, 268 n.1 (S.D.N.Y. 2000)

(dismissal with prejudice without leave to amend "final adjudication"); Inter-County Res., Inc. v. Medical

Res., Inc., 49 F. Supp.2d 682, 684 (S.D.N.Y. 1999) (dismissal on merits "final adjudication"); cf. Bondiett

v. Novell, Inc., 141 F.3d 1184 (Table), 1998 WL 166243, at *1 (10th Cir. Apr. 7, 1998) (while statute

mandates Rule 11 findings "upon final adjudication," it does not require findings as part of court order

disposing of merits of case; Rule 11 matters routinely decided after final judgment, often resulting in

separate appeals). Contra Smith v. Smith, 184 F.R.D. 420, 422 (S.D. Fla. 1998) (district court required

to make sanctions determination even when action voluntarily dismissed without prejudice). Accordingly,

the Court has no authority to address the issue of sanctions under the PSLRA, 15 U.S.C. § 78u-4(c)(1).[1]

_____

[1]       Defendant seeks some $200,000 in fees and $7,000 in costs. Even if the Court had
authority under the PSLRA to address the issue of sanctions at this time, it likely would decline to award
monetary sanctions. Defendant primarily complains that plaintiff had no evidentiary support for her
allegations that WD-40 and Scott Hilkene entered into a complex series of side agreements without
disclosing such agreements to plaintiff. First, not all of defendant's fees and costs relate to plaintiff's
allegations purportedly made without evidentiary support. In addition, on preliminary review, any Rule 11
violation appears to involve the absence of such language as "on information and belief" in connection with
the alleged side agreements. Any such Rule 11 violation does not appear to be a "substantial failure" in the
complaint so as to trigger the presumption that attorneys' fees and expenses will be awarded. See 15
U.S.C. § 78u-4(c)(3)(A)(ii). Even if the violation was a "substantial failure" of the complaint, so as to
trigger the PSLRA presumption, any such violation was de minimis under 15 U.S.C. § 78u-4(c)(3)(B).
In particular, defendants likely knew that such allegations were based on information and belief because
(1) Count II alleges that Scott Hilkene refused to grant plaintiff access to Heartland records or information
about communications between Scott Hilkene and WD-40, see Third Amended Complaint (Doc. #127)
¶ 61, and (2) Scott Hilkene and WD-40 knew whether they negotiated or completed any side agreements.
Because any technical Rule 11 violation likely was apparent to defendants from the face of the third
amended complaint and Scott Hilkene has not challenged the factual sufficiency of two of the three counts
in the third amended complaint, the Court would likely decline to award any monetary sanctions in the event
of a final adjudication.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion To Dismiss Federal Securities Claims Asserted Against Scott Hilkene (Doc. #182) filed October 13, 2006 be and hereby is **SUSTAINED**. Pursuant to Rule 41(a)(2), Fed. R. Civ. P., plaintiff's claims against Scott Hilkene are dismissed without prejudice.

**IT IS FURTHER ORDERED** that the Motion Of Defendant Scott H. Hilkene For Sanctions, Legal Fees And Costs Against Plaintiff (Doc. #184) filed October 17, 2006 be and hereby is **OVERRULED**.

Dated this 8th day of February, 2007 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Court